IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KELVIN L. THOMAS, | |
|---|---|
| Petitioner, | 8:18CV531 |
| vs. | |
| STATE OF NEBRASKA, SCOTT FRAKES, Director, Nebraska Correctional Services; and MICHELL CAPPS, Warden, Nebraska State Penitentiary; | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before the court on Respondents' Motion for Summary Judgment.[1] (Filing No. 10.) Respondents argue that Petitioner Kelvin L. Thomas' Petition for Writ of Habeas Corpus (filing no. 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

**A. Conviction and Direct Appeal**

Following a bench trial in the Douglas County District Court, Thomas was convicted of first degree murder, use of a deadly weapon to commit a felony, and being a felon in possession of a firearm. (Filing No. 11-2 at CM/ECF p. 26.) The state district court sentenced Thomas to life imprisonment for first degree murder, 10 to 15 years' imprisonment for use of a firearm to commit a felony, and 5 to 10

---

[1] Also before the court is Thomas' "Motion for an Order to Stay Habeas Action; Place in Abeyance[]" ("Motion to Stay and Abey"). (Filing No. 6.)

years' imprisonment for being a felon in possession of a firearm. (*Id.* at CM/ECF pp. 27-28.) On January 30, 2004, the Nebraska Supreme Court affirmed Thomas' convictions and sentences on direct appeal. (Filing No. 11-1 at CM/ECF p. 2.) *State v. Thomas*, 267 Neb. 339, 673 N.W.2d 897 (2004).[2] The mandate was issued on March 23, 2004. (Filing No. 11-1 at CM/ECF p. 2.)

**B. Postconviction Motions**

On February 25, 2009, Thomas filed a pro se verified motion for postconviction relief in the state district court. (Filing No. 11-3 at CM/ECF pp. 4-11.) On July 17, 2009, the state district court denied Thomas postconviction relief without an evidentiary hearing. (*Id.* at CM/ECF pp. 17-18.) On November 12, 2009, the Nebraska Supreme Court summarily affirmed the state district court's denial of postconviction relief. (Filing No. 11-4 at CM/ECF p. 2.) The mandate was issued on November 24, 2009. (*Id.*)

On January 9, 2017, Thomas filed a second verified motion for postconviction relief in the state district court. (Filing No. 11-5 at CM/ECF pp. 2-34.) The state district court denied Thomas postconviction relief without an evidentiary hearing. (*Id.* at CM/ECF pp. 35-42.) On April 11, 2017, the Nebraska Supreme Court dismissed the appeal for lack of jurisdiction pursuant to Neb. Ct. R. App. P. § 2-101(B)(4) and Neb. Ct. R. App. P. § 2-107(A)(2). (Filing No. 11-6 at CM/ECF p. 2.)

---

[2] In *State v. Rogers*, 277 Neb. 37, 47-49, 760 N.W.2d 35, 47-48 (2009), the Nebraska Supreme Court held that whether there has been an unambiguous invocation of the right to remain silent is a mixed question of law and fact, abrogating that part of the decision in *Thomas*, 267 Neb. at 350, 673 N.W.2d at 908, stating that "[r]esolution of ambiguity in the invocation of the constitutional right to remain silent is a question of fact."

**C. Habeas Petition**

Thomas filed his Petition for Writ of Habeas Corpus in this court on November 8, 2018.[3] (Filing No. 1.) On January 31, 2019, Thomas filed a Motion to Stay and Abey these habeas corpus proceedings so that he could exhaust his state court remedies. (Filing No. 6.) Thereafter, Respondents moved for summary judgment, arguing the habeas petition is barred by the statute of limitations. (Filing No. 10; Filing No. 12.) Respondents' brief in support of the motion for summary judgment also included their opposition to Thomas' Motion to Stay and Abey. (Filing No. 12.) Thomas filed a brief in opposition to Respondents' Motion for Summary Judgment, (filing no. 14), and Respondents filed a reply brief (filing no. 16). The Motion for Summary Judgment (filing no. 10) and Motion to Stay and Abey (filing no. 6) are fully submitted for disposition.

## II. ANALYSIS

**A. One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for a writ of habeas corpus

---

[3] Summarized and condensed, and as set forth in the court's initial review order (filing no. 4), Thomas asserted the following claims that were potentially cognizable in this court:

> Claim One: Petitioner's statements to the police (a) were the product of inducement, promise, threat or interrogation that overwhelmed his will and thus were involuntarily made, and should have been suppressed and (b) Petitioner's statements were improperly obtained after he invoked his right to remain silent and should have been suppressed.

(Filing No. 4 at CM/ECF p. 1.)

filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the state court judgment became final on April 29, 2004, which is ninety days after the Nebraska Supreme Court affirmed Thomas' convictions and sentences on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the

4

Supreme Court], or in state court, expires."); *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Accordingly, the one-year limitations period began to run from April 29, 2004.

Thomas' filing of his motion for postconviction relief in state district court on February 25, 2009, and his filing of his second motion for postconviction relief in state district court on January 9, 2017, did not toll the limitations period because it had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, Thomas had until April 29, 2005, to file his habeas petition. He did not file it until November 8, 2018, over thirteen years later. Thomas' habeas petition is untimely under § 2244(d)(1)(A).

Thomas appears to argue that his petition is timely under § 2244(d)(1)(C) because the Supreme Court in *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718 (2016),[4] and *Welch v. United States*, ___, U.S. ___, 136 S. Ct. 1257 (2016),[5] recognized new rights that were made retroactively applicable to cases on collateral review. Thomas is neither a juvenile sentenced to life imprisonment nor an armed

---

[4] In *Montgomery*, ___ U.S. at ___, 136 S. Ct. at 734, the Supreme Court held that its previous decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibited mandatory non-parolable life sentences for juveniles, should be applied retroactively.

[5] In *Welch*, ___ U.S. at ___, 136 S. Ct. at 1265, the Supreme Court held that its previous decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), which had held that the definition of prior "violent felony" in the residual clause of the Armed Career Criminal Act was unconstitutionally vague, should be retroactively applied.

career criminal, *see Montgomery*, \_\_\_ U.S. at \_\_\_, 136 S. Ct. at 732; *Welch*, \_\_\_ U.S. at \_\_\_, 136 S. Ct. at 1268. Thus, it is unclear how these cases apply to Thomas' habeas claims that his statements to the police were involuntarily made and improperly obtained and should have been suppressed. Stated differently, neither *Montgomery* nor *Welch* created a newly recognized right that supports Thomas' habeas claims. Consequently, the rulings in those cases do not delay the commencement of the limitations period pursuant to § 2244(d)(1)(C). Moreover, Thomas knew the factual predicate of these claims at the time of his direct appeal and, thus, he cannot rely on § 2244(d)(1)(D) to extend the one-year limitations period for filing his habeas petition.[6]

In his brief in opposition to Respondents' Motion for Summary Judgment, Thomas argues that he is entitled to have his federal habeas petition heard on the merits notwithstanding the time bar because he is "actually innocent," citing *Murray v. Carrier*, 477 U.S. 478 (1986). (Filing No. 14 at CM/ECF pp. 3-6.) *Murray* is distinguishable, however, because it involved a claim procedurally defaulted on direct appeal, and cause and prejudice attributable thereto, not the untimely filing of a federal habeas petition. 477 U.S. at 485-92.

Finally, to the extent Thomas may be arguing that his incarceration constitutes a "fundamental miscarriage of justice" because he is "actually innocent," such that he should benefit from the equitable exception to the AEDPA statute of limitations set forth in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), such argument is rejected. *McQuiggin* established a gateway for untimely habeas claims in the event of a tenable actual-innocence claim. *Id.* at 386. The Supreme Court cautioned, however, "that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal

---

[6] Thomas does not argue, nor does it appear, that any State-created impediments prevented the filing of his petition. As such, Thomas cannot rely on § 2244(d)(1)(B) to extend the one-year limitations period for filing his habeas petition.

quotations and alterations omitted). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324. Thomas has not presented any new evidence of his actual innocence of the offenses here. Instead, he continues to argue issues that were addressed and rejected on direct appeal—that his statements to the police were involuntarily made and improperly obtained and should have been suppressed—but does not set forth any new evidence regarding these claims. (Filing No. 14 at CM/ECF pp. 4-6.) *See Thomas*, 267 Neb. at 347-50, 673 N.W.2d at 906-08. Thomas' assertion that "law enforcement coerced and concocted his statements" and that his "statements to the police were the product of inducement, promise [and] threat" and should have been suppressed (filing no. 14 at CM/ECF pp. 4-5) fails to amount to the "new reliable evidence" envisioned in *Schlup*. Therefore, Thomas fails to establish actual innocence as a pathway to defeating the AEDPA limitations period.

**B. Motion to Stay**

Because the petition is time barred, it must be dismissed. For this reason, Thomas' Motion to Stay and Abey (filing no. 6) this habeas proceeding is denied as moot. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005) (*Rhines* stay can apply only to timely filed petition containing exhausted and unexhausted claims); *Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009) ("Because the stay-and-abeyance procedure for mixed habeas petitions is limited to timely petitions, *see* [*Rhines*, 544 U.S.] at 275[,] 125 S. Ct. 1528, our conclusion that Parmley's petition was untimely renders the stay-and-abeyance issue moot."). The court further notes that there are no unexhausted claims here; the habeas claims identified in the court's initial review order (filing no. 4) are exhausted because the Nebraska Supreme Court rejected those claims on direct appeal. *See Thomas*, 267 Neb. at 347-50, 673 N.W.2d at 906-08.

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court has applied the appropriate standard and determined that Thomas is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing no. 10) is granted.

2. Petitioner's habeas petition (filing no. 1) is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

3. Petitioner's Motion to Stay and Abey (filing no. 6) is denied.

4. The court will enter a separate judgment in accordance with this order.

Dated this 3rd day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge